HON. ARTHUR J. LYONS County Attorney, Putnam County
This is in reply to recent request by Assistant County Attorney Constantine Mularadelis wherein he asks if members or the chairman of the board of supervisors of a non-charter form of county government may have their compensation increased or decreased during their terms of office and, assuming such increase or decrease may be declared during their terms of office, if the increase or decrease may be made retroactive to the beginning of their terms of office or retroactive to another date. The question is also posed as to the applicability of County Law § 201 as it relates to any increase or decrease of compensation during the terms of office of the members or of the chairman of the board of supervisors; further, Mr. Mularadelis asks about the application of 1912 Op. Atty. Gen. 564 to the provisions of County Law § 201.
Response to these inquiries would not hinge upon construction of County Law § 201, for language at the end of that section, providing for compensation of county officers, specifically states it "shall not apply to the compensation of members or the chairman of the board of supervisors." Rather, the inquiries would depend upon construction of County Law § 200 providing for compensation of members of the board of supervisors. Thereunder, the board of supervisors of each county shall have power from time to time to fix the compensation of its members notwithstanding the election of a supervisor for a fixed term. Such compensation is to be an annual salary, in lieu of all fees, charges or compensation for all services rendered to the county, except that, upon adoption of a proposition therefor submitted as provided in the County Law, the members of the board of supervisors may, in lieu of an annual salary, be paid a salary for board meetings and per diem compensation for committee work, or per diem compensation for both board meetings and committee work. Each member shall be entitled to receive an equal amount, except the chairman and the majority and minority leaders of the board may be paid an additional amount.
County Law § 200 also provides for alternate means of bringing on any such proposition; it may be submitted at either a general or special election as provided by a resolution of the board of supervisors, and shall become effective at the commencement of the fiscal year next following its adoption. "Moneys appropriated to pay salaries of members of the board of supervisors for such next succeeding fiscal year, shall continue to be available to pay the compensation of the members of such board earned during such fiscal year in accordance with the proposition as adopted. If such proposition be adopted, no further vote shall be submitted before the fifth year thereafter" (County Law § 200
[2]).
Of particular note is subdivision 3 of County Law § 200. It provides:
 "The salary, or the rate of per diem compensation, or both, as the case may be, fixed and paid during a fiscal year shall not exceed the salary or rate as specified in the notice of the public hearing on the tentative budget prepared for such fiscal year, published pursuant to section three hundred fifty-nine of this chapter."
County Law § 359 provides generally for a public hearing to be held by the board of supervisors on the tentative budget, and sets forth required reproduction of the tentative budget and form of notice of the public hearing. Of specific relevance is the provision therein that:
 "Therre shall be included in the notice of the public hearing on the tentative budget, or in a separate notice published in the same manner and at the same time as such notice of hearing, a statement of the maximum salary, or the maximum rate of per diem compensation, or both, as the case may be, that may be fixed and payable during the ensuing fiscal year to the members of the board of supervisors and to the chairman respectively."
It would appear that, if the compensation, whether in the form of salary or per diem rate, or both, as the case may be, now earned by the members and the chairman of the board of supervisors is the maximum amount approved pursuant to County Law §§ 200(3) and359, no increase would now be permitted to exceed that salary or rate (1952 Op. Atty. Gen. 59; in further support of this conclusion, see 7 Op. St. Comp., 1951, p. 260, noting the opinion there dealt with County Law § 200[1] before amendments to the section by L. 1951, C. 665 and L. 1952, C. 197). If, however, the compensation now earned by the members and the chairman of the board of supervisors is below the maximum fixed and payable as set forth in the notice required by County Law § 359, the board may increase the compensation at any time provided that such compensation does not exceed the amount specified in the notice of public hearing on the tentative budget (10 Op. St. Comp., 1954, p. 403). Any such increase may not be effective retroactively (3 Op. St. Comp., 1947, p. 228; 2 Op. St. Comp., 1946, p. 248).
As to any proposed reduction in compensation of the members or of the chairman of the board of supervisors, Municipal Home Rule Law § 23 provides in relevant part:
 "2. Except as otherwise provided by or under authority of a state statute, a local law shall be subject to mandatory referendum if it:
* * *
 "e. Abolishes an elective office, or changes the method of nominating, electing or removing an elective officer, or changes the term of an elective office, or reduces the salary of an elective officer during his term of office." (Emphasis supplied.)
There is no provision found in any state statute regarding the manner by which compensation of the members or of the chairman of the board of supervisors might be reduced. Therefore, the provisions of Municipal Home Rule Law § 23 would apply and must be adhered to in order to effect any such reduction in compensation (1974 Op. Atty. Gen. 209).
There is no need to discuss 1912 Op. Atty. Gen. 564 as it relates to County Law § 201, for, as stated above, County Law § 201 does not apply to the inquiries posed.
We are of the opinion that compensation, whether in the form of salary or per diem rate, or a mix thereof, for the members and the chairman of the board of supervisors may be increased during their terms of office, subject to the maximum specified in the notice of the public hearing on the county's tentative budget prepared for the fiscal year, all as provided by County Law §200(3) and County Law § 359. With respect to any reduction in any such compensation, the requirements of Municipal Home Rule Law §23 must be met.